UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DARNELL OGBURN,

           Plaintiff,           Civil Action No. 21-10289

v.                                     Shalina D. Kumar
                                     United States District Judge

KRISTOPHER STEECE and          David R. Grand
B. ANDERSON,                       United States Magistrate Judge

           Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 25)**

On March 9, 2022, Defendants Kristopher Steece and Bradley Anderson (collectively "Defendants") filed a Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 25). *Pro se* plaintiff Andre Ogburn ("Ogburn"), an incarcerated person, filed a response to this motion on May 2, 2022 (ECF No. 28), and Defendants filed a reply on May 24, 2022 (ECF No. 30). An Order of Reference was entered on February 22, 2022, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 20).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment on the Basis of Exhaustion **(ECF No. 25)** be **GRANTED**.

## II.  REPORT

### A.   Background

Ogburn is a Michigan Department of Corrections ("MDOC") prisoner and is currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. He brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights. (ECF No. 1). At the time of the events at issue in his complaint, Ogburn was housed at the Macomb Correctional Facility ("MRF") in Lenox Township, Michigan.

In his complaint, Ogburn alleges that, on February 7, 2020, he was involved in a prisoner-on-prisoner fight, after which he was sent to segregation. (*Id.*, PageID.7). On March 19, 2020, MRF Assistant Deputy Warden Kristopher Steece interviewed Ogburn about returning to his housing unit (Unit #4). (*Id.*). Ogburn claims he told Steece he did not feel safe there and wanted to be placed in another housing unit, but Steece sent him back to Unit #4 anyway. (*Id.*). The next day, March 20, 2020, when Ogburn was in the dayroom, he allegedly was approached by other inmates. (*Id.*). According to Ogburn, MRF Corrections Officer Anderson saw that there was tension among the inmates, called Ogburn out of the dayroom, and asked if he was okay. (*Id.*). Ogburn claims he told Anderson he didn't know what was going on but wanted to leave; Anderson then allegedly told Ogburn to calm down and sent him back into the dayroom. (*Id.*). At that time, Ogburn

was assaulted by other inmates. (*Id.*).

In his complaint, Ogburn alleges that Steece retaliated against him, in violation of the First Amendment, and that both Steece and Anderson violated his Eighth Amendment rights when they were deliberately indifferent to his safety. (*Id.*). Defendants now move for summary judgment, arguing that Ogburn failed to properly exhaust his administrative remedies before filing the instant lawsuit.

### B. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving

3

party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

**C. Analysis**

In their motion, Defendants argue that summary judgment is warranted on Ogburn's claims against them because Ogburn failed to properly exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (ECF No. 25). The Court agrees.

*1. The PLRA's Exhaustion Requirement*

Under the PLRA, a prisoner may not bring an action, "under [§ 1983] or any other Federal law," to challenge his conditions of confinement until all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). This "exhaustion" requirement serves two main purposes: it promotes efficiency by encouraging the resolution of claims at the agency level before litigation is commenced, and it protects administrative authority by allowing the agency an opportunity to correct its own mistakes before being haled into federal court. *See Woodford*, 548 U.S. at 89. The Supreme Court has held that this "exhaustion requirement requires proper exhaustion." *Id.* at 93. Proper exhaustion requires "compliance with an agency's deadlines and other

4

critical procedural rules." *Id.* at 90. Failure to exhaust is an affirmative defense that must be raised by a defendant, and on which the defendant bears the burden of proof. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Vandiver v. Corr. Med. Servs., Inc.*, 326 F. App'x 885, 888 (6th Cir. 2009).

### 2. The MDOC's Exhaustion Procedures

In determining whether a plaintiff has properly exhausted his claim, the only relevant rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 200. In Michigan's correctional facilities, prisoner grievances are governed by MDOC Policy Directive 03.02.130, entitled "Prisoner/Parolee Grievances" (the "Policy"). (ECF No. 25-2). A state prisoner must first complete the process outlined in the Policy – including pursuing a grievance through "all three steps of the grievance process" – before he can file a lawsuit challenging the alleged unlawful conduct. (*Id*. at ¶ C). The Policy provides that if a prisoner cannot resolve his dispute with the staff member involved, he has five business days to file a Step I grievance. (*Id*. at ¶¶ Q, W). If the prisoner is dissatisfied with the Step I response, he may submit a grievance appeal to the Step II Grievance Coordinator within ten business days after receipt of the Step I response, or if no timely response is received, within ten business days of the date the response was due. (*Id*. at ¶ DD). If the grievant is dissatisfied with, or does not receive, a Step II response, he has ten business days within which to file a final appeal at Step III. (*Id*. at ¶ HH). Again, an inmate may only pursue a claim in court if he has complied with his obligations at each of these three steps. (*Id.* at ¶ C).

### 3. *Ogburn Fails to Raise a Genuine Issue of Material Fact as to Whether He Properly Exhausted his Claims Against Defendants*

In their motion, Defendants argue that Ogburn did not properly exhaust his claims against them because, although he pursued multiple grievances in February, March, and April 2020 relating to the incidents alleged in his complaint (ECF No. 1, PageID.16-23), "he did not pursue *through Step III* any grievance which he originally filed at Step I between February and April 2020 …." (ECF No. 25, PageID.106) (emphasis added). Defendants attach to their motion a copy of Ogburn's "MDOC Prisoner Step III Grievance Report," which shows that he pursued many grievances to Step III arising out of incidents that occurred at MRF, none of which relate to his current complaints against Defendants. (ECF No. 25-3). Moreover, all of the grievances that Ogburn pursued through Step III were filed long after the incidents at issue in Ogburn's complaint. (*Id.*).

In response to Defendants' motion, Ogburn does not address the merits of Defendants' arguments on exhaustion.[1] (ECF No. 28). Rather, he merely argues that summary judgment should not be granted because his claims have substantive merit. (*Id.*). But, regardless of his claims' merit, where the undisputed evidence establishes that Ogburn failed to pursue to Step III any grievances related to the incidents at issue in this lawsuit, he has failed to exhaust his administrative remedies as to any claims arising out of those incidents. Because he was required to exhaust his claims before commencing this action,

---

[1] Because Ogburn failed to respond to Defendants' exhaustion arguments, he has forfeited his ability to do so. *See, e.g., Ritchie v. Coldwater Comm. Sch.*, 947 F. Supp. 2d 791, 825 (W.D. Mich. 2013) ("Ritchie's failure to address Defendants' governmental immunity argument in his response constitutes a waiver of any argument he may have.") (citing cases).

42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 85, Defendants' motion for summary judgment on exhaustion grounds should be granted. *See, e.g., Green v. Douglas*, No. 22-10101, 2022 WL 3215004, at *3-4 (E.D. Mich. Aug. 9, 2022) (granting summary judgment in favor of defendants where plaintiff did not exhaust his administrative remedies through Step III); *Moses v. Campbell*, No. 20-13366, 2022 WL 3337173, at *4 (E.D. Mich. May 25, 2022) (same).

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment on the Basis of Exhaustion **(ECF No. 25)** be **GRANTED**.

Dated: September 19, 2022　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2022.

> s/Eddrey O. Butts
> EDDREY O. BUTTS
> Case Manager